*181 FRIEDMAN, J.
—I concur in the result and in much of the majority opinion. A concededly theoretical difference—a matter of emphasis rather than disagreement—impels me to withhold complete concurrence.
When the semantic smoke is cleared away, there is little substance to petitioners’ constitutional attack. According to all authoritative definitions, reprieve, pardon and commutation are acts of individualized clemency. The extension of a revised sentencing scheme to a collective mass of preexisting, unfulfilled sentences has consequential similarities but results from a wholly different variety of governmental power.
The constitutional attack centers upon Penal Code section 1170.2. That section is aimed at parity of time-in-custody between offenders sentenced under the old and new laws. The Legislature has here chosen to pursue equality as a deliberate goal of statutory policy.
California decisions intimate and out-of-state decisions hold that the attainment of equality and the prevention of discrimination are legitimate objectives of the police power. (See Mulkey v. Reitman (1966) 64 Cal.2d 529, 537 [50 Cal.Rptr. 881, 413 P.2d 825]; Jackson v. Pasadena City School Dist. (1963) 59 Cal.2d 876, 881 [31 Cal.Rptr. 606, 382 P.2d 878]; James v. Marinship Corp. (1944) 25 Cal.2d 721, 734, 739-741 [155 P.2d 329, 160 A.L.R. 900]; see cases cited 16 C.J.S., Constitutional Law, § 175, p. 902, fn. 10.) The retroactivity of which petitioners complain is nothing more than a legislative means of achieving equality among offenders sentenced under the old and new laws. In re Kapperman (1974) 11 Cal.3d 542 [114 Cal.Rptr. 97, 522 P.2d 657], emphatically affirms this sort of equality as a constitutionally permissible—and in that case, constitutionally compelled—desideratum.
What bothers me about the majority opinion is its derogation of Kapperman. The majority do not give Kapperman its due but obscure it under an archaic dictum extracted from In re Estrada (1965) 63 Cal.2d 740, 745 [48 Cal.Rptr. 172, 408 P.2d 948]. That dictum accords too much sanctity to the rule insulating final criminal judgments from the collective impact of penal law revisions. The late Justice Raymond Peters wrote the Estrada opinion. Were he alive today, he would gladly espouse the Kapperman doctrine even at the expense of his Estrada dictum. There is nothing sacred about a final judgment of imprisonment which immunizes it from the Legislature’s power to achieve equality among past and new offenders. In short, the Legislature may grant or withhold *182 retroactive amelioration of existing criminal judgments in response to “some legitimate public purpose.” (In re Kapperman, supra, 11 Cal.3d at p. 547.) Parity is the not least of those purposes. I don’t want to see parity deemphasized as an independent goal of legislative concern and power.
I would deny standing to the superior court judges who brought suit in the Sacramento case. The disinterest and objectivity essential to the judicial office bars the holder from the sweaty arena of policy struggles. The constitutional claims of these judges emanate from their personal quarrel with the Legislature’s policy choice. To accord them alternative standing as taxpayers is a transparent verbal device. They wear their judicial robes 24 hours a day.
On November 10, 1977, the opinion was modified to read as printed above. The petition of the real parties in interest for a hearing by the Supreme Court was denied December 22, 1977. Clark, J., and Richardson, J., were of the opinion that the petition should be granted.